### MORGAN v. REESE et.

Common Pleas Court, Putnam County.

No. 17334.  Decided November 4, 1953.

Meredith & Meredith, Lima, for plaintiff.
Unverferth & Unverferth, Ottawa, for defendants.

## OPINION

By SLAYBAUGH, J.

A jury was waived in this case.

The plaintiff, Nettie Morgan claims in her petition filed August 11, 1952 that in 1949 the parties hereto were the owners of the following described real estate situated in Sugar Creek Township, Putnam County, Ohio:

"Parcel No. 1.. The Southeast Quarter (¼) of the Southwest Quarter (¼) of Section Twenty-six (26) Township One (1) South, Range Six (6) East, containing Forty (40) acres more or less.

"Parcel No. 2. The Southwest Quarter (¼) of the Southwest Quarter (¼) of Section Twenty-six (26), Township One (1) South, Range Six (6) East, containing Forty (40) acres, more or less but all subject to legal highways."

The exact interest and the estate of the plaintiff was in dispute and questioned by some of the defendants, by prospective purchasers and by prospective loaning agencies. All of these parties desired to sell the real estate above described and desired to distribute the proceeds provided a sale could be arranged and completed without legal proceedings. All of the defendants agreed with plaintiff that if she would join

in a contract to sell said real estate and join in the execution of a Warranty Deed warranting the title to the premises and warranting that same were free of incumbrances except taxes and assessments due and payable in June, 1950 and thereafter that she would receive One-Fifth (1/5) of the proceeds of sale after the payment of the expenses in connection therewith.

All the parties hereto agreed to sell the premises above described to Dwight E. Downing and Edna G. Downing for the sum of Twenty-eight Thousand Dollars ($28,000). Plaintiff relied upon the representations of the defendants that she would receive One-fifth (1/5) of the purchase price after the expenses of sale were deducted and so believing that she would receive same signed the contract of sale and on December 23, 1949 she joined with the defendants in a Warranty Deed to the purchasers. In said Warranty Deed this plaintiff warranted the title to the premises so conveyed and warranted that same was free and clear of incumbrances except taxes due and payable in June, 1950 and those falling due thereafter. Plaintiff fully carried out the promises on her part to be performed and the purchasers paid the full purchase price to the defendants on December 23, 1949. Said defendants have wholly failed to give plaintiff her One-fifth (1/5) share as agreed although all the other defendants have been paid in full. Said defendants have since the time of said sale segregated plaintiff's share in a Bank or Loan Company and have been collecting interest thereon. Plaintiff has demanded the One-fifth (1/5) of the proceeds promised her but the defendants refuse and neglect to pay same.

Wherefore plaintiff prays judgment against the defendants in the sum of Fifty-six Hundred Dollars ($5,600) with interest thereon since December 23, 1949 and for all other and further relief to which she may be entitled either in law or in equity.

On December 18, 1952, the defendants, Jennie Reese, Elizabeth Dackin, Mary Jones, Margaret Elliott, Esther Ann Griffith, Robert C. Griffith, John Griffith, Martha Pollex, Morgan Griffith, and May Chapman, filed their answer and cross petition, and in their answer and cross petition they allege as follows:

"Now come the defendants, Jennie Reese, Elizabeth Dackin, Mary Jones, Margaret Elliott, Esther Ann Griffith, Robert C. Griffith, John Griffith, Martha Pollex, Morgan Griffith, May Chapman and admit that in 1948 they were the owners of the lands described in the petition and specifically allege that the plaintiff Nettie Morgan, had no interest whatsoever in said land. Defendants further admit that the land described in the petition was sold; that a proper deed for said land was made

and delivered to the purchasers thereof; further answering, defendants deny all and singular the allegations contained in the petition not herein specifically admitted to be true.

"For their cross petition they claim that Edward Morgan was a brother of Thomas Morgan, the testator herein referred to, and that the plaintiff is the widow of said Edward Morgan and his sole and only heir-at-law. That Edward Morgan died on the 24th day of February, 1945.

"Defendants say that Thomas Morgan made and executed his last Will and Testament, a copy of which is hereto attached, marked Exhibit 'A'; that in Item 11 of said Last Will and Testament testator stated 'I devise and bequeath all of my said real estate including buildings thereon to those persons who at the date of her death (meaning Miss Nettie Reese, the life tenant), are my legal heirs under the laws of the State of Ohio to be divided among them per stirpes.'

"That the said Nettie Reese, life tenant, in the Will of Thomas Morgan, Deceased, died on the 18th day of September, 1949.

"That the said Thomas Morgan died testate on October 16, 1943 and that his Last Will and Testament was duly admitted to Probate and recorded by the Probate Court of Putnam County, Ohio on November 8, 1943 in Will Volume T Page 379 of the Record of Wills of Putnam County, Ohio.

"Defendants say that it was assumed at the time of the probating of the Will and for some time thereafter that the said Nettie Morgan had an interest in the land described in the petition. That after receiving proper legal advice and after a more careful study of the Will, the defendants came to the conclusion that the said Nettie Morgan, plaintiff herein, had no interest whatsoever in said land. That when it was discovered that the said Nettie Morgan, the plaintiff, had no interest in said land, that the inheritance tax which had been paid for her towit: the sum of Eighty Five Dollars and Twenty-One Cents ($85.21) was returned to her by a check dated December 27, 1949.

"Wherefore, defendants pray that the Will of the said Thomas Morgan be construed to show that the said Nettie Morgan had no interest whatsoever in said land or in the money derived from the sale thereof and that she be forever barred from asserting any right or claim against the defendants on the proceeds of said farm, that the petition of the plaintiff be dismissed and for such other and further relief as they may be entitled to."

"Last Will and Testament of Thomas Morgan

"I, Thomas Morgan, of Sugar Creek Township, Putnam

County, Ohio, being of full age and sound and disposing memory, do hereby make, publish and declare this to be my Last Will and Testament, revoking all wills heretofore made.

"Item 1. In appreciation of the many years of faithful service rendered by my sister-in-law, Miss Nettie Reese, I give and bequeath to her, upon my death, all of my personal property, remaining after the payment of all my just debts and expenses, to be hers absolutely and unconditionally.

"Item II. I give, devise and bequeath to my sister-in-law, the said Miss Nettie Reese, all of the real estate, including buildings thereon, which I may own at the time of my decease, to be hers and to enjoy the income therefrom during her lifetime and upon her death I give, devise and bequeath all of my said real estate, including buildings thereon, to those persons who at the date of her death are my legal heirs under the laws of the State of Ohio, to be divided among them per stirpes. In the event my said legal heirs are unable to agree as to the division of my said real estate upon the death of my sister-in-law, the said Miss Nettie Reese, I direct that the person who is then my legal representative shall sell the said real estate at public sale and shall divide the proceeds therefrom among my said heirs, per stirpes.

"Item III. I make, nominate and appoint my sister-in-law, Miss Nettie Reese, to be the executrix of this my Last Will and Testament and upon her death I nominate my twin brother, Edward Morgan, to be Executor to succeed her, giving and granting unto them such power and authority as shall be provided by the laws of the State of Ohio at the time she or he shall qualify as my legal representative.

"In Witness Whereof, I have hereunto set my hand at my home in Sugar Creek Township, Putnam County, Ohio this 18 day of June, 1942.

"Thomas Morgan

"Signed by the said Thomas Morgan and by him acknowledged to be his Last Will and Testament before us and in our presence and by us subscribed as attesting witnesses in his presence and at his request and in the presence of each other this 18 day of June, 1942.

"Ralph Anderson residing at Columbus Grove, Ohio
"Minnie Anderson residing at Columbus Grove, Ohio.

"Exhibit 'A' "

The evidence and stipulations of counsel show the following facts: that Thomas Morgan under date of June 18, 1942 executed his Last Will and Testament, which is agreed between counsel, that a true copy thereof is attached to the cross-

petition; Thomas Morgan was unmarried; never had a wife or children, and that he died October 16, 1943 leaving no widow or children surviving him.

It was further stipulated between counsel that on June 18, 1942, the date Thomas Morgan made his will his next of kin were, Edward Morgan, a twin brother; Jennie Reese, a sister; Elizabeth Dackin, a sister; Mary Jones, a sister; and, the seven children of Ann Griffith deceased, a sister. The seven children's names being as follows, Margaret Elliott, Esther Ann Griffith, Robert C. Griffith, John Griffith, Martha Pollex, Morgan Griffith and May Chapman.

The evidence shows and it is stipulated as true by counsel in this case that Thomas Morgan died on October 16, 1943 leaving the following persons his next of kin: Edward Morgan, a brother, Jennie Reese, a sister, Elizabeth Dackin, a sister. Mary Jones, a sister, and the seven children of Ann Griffith, deceased, hereinabove mentioned.

The evidence shows and it is stipulated by counsel that Edward Morgan and Nettie Reese qualified as Executors of the estate of Thomas Morgan, and that his estate was duly settled. The evidence shows that Edward Morgan the husband of the plaintiff in this case died February 24, 1945 leaving plaintiff as his sole heir at law.

It is further stipulated and the evidence shows that the life tenant, Nettie Reese died September 18, 1949; the evidence shows and it was stipulated by counsel that at the date of the death of Nettie Reese, the life tenant named in the Will of Thomas Morgan deceased, the following named persons were the brothers and sisters, and nephews and nieces of Thomas Morgan deceased, namely: Jennie Reese, a sister, Elizabeth Dackin, a sister, Mary Jones, a sister, Margaret Elliott, a niece, Esther Ann Griffith, a niece; Robert C. Griffith, a nephew, John Griffith, a nephew, Martha Pollex, a niece; Morgan Griffith, a nephew, and May Chapman, a niece.

A construction of the Last Will and Testament of Thomas Morgan depends in the court's opinion on the construction of the following language contained in item 2 of said Will. Said item 2 has the following language, towit: "I give, devise and bequeath to my sister-in-law, the said Miss Nettie Reese, all of the real estate, including buildings thereon, which I may own at the time of my decease, to be hers and to enjoy the income therefrom during her lifetime, and upon her death I give, devise and bequeath all of said real estate, including buildings thereon, to those persons who at the date of her death are my legal heirs under the laws of the State of Ohio, to be divided among them per stirpes. In the event my said

legal heirs are unable to agree as to the division of my said real estate, upon the death of my sister-in-law, the said Miss Nettie Reese, I direct that the person who is then my legal representative shall sell the said real estate at public sale and shall divide the proceeds therefrom among my said heirs, per stirpes."

Item 1 of said will provides as follows:

"In appreciation of the many years of faithful service rendered by my sister-in-law, Miss Nettie Reese, I give and bequeath to her, upon my death, all of my personal property, remaining after the payment of all my just debts and expenses, to be hers absolutely and unconditionally."

And the court after due consideration finds the intent of the testator to be, that the fee simple title to the real estate of which Thomas Morgan died seized, the description of which is set forth in the petition in this case descended at the death of Nettie Reese, towit on September 18, 1949, under the terms of the Last Will and Testament of Thomas Morgan as follows:

"Jennie Reese one-fourth;
Elizabeth Dackin, one-fourth;
Mary Jones, one-fourth;
Margaret Elliott, one-twentyeighth;
Esther Ann Griffith, one twentyeighth;
Robert C. Griffith, one twenty-eighth;
John Griffith, one-twenty-eighth;
Martha Pollex, one twenty-eighth;
Morgan Griffith, one-twenty-eighth;
May Chapman, one-twenty eighth."

The court finds that if said real estate had descended in fee simple, subject to a life estate to Nettie Reese, to the heirs of Thomas Morgan, then the husband of plaintiff, Edward Morgan being alive would have inherited an undivided one-fifth interest in said real estate subject to possession at the death of Nettie Reese, and due to the fact that the said Edward, husband of the plaintiff died February 24, 1945, the plaintiff would have inherited from her husband the undivided one-fifth interest in this real estate, but as the court, has held in this case, due to the fact that the fee simple title to said real estate did not descend at the death of Thomas Morgan, but did descend at the death of Nettie Reese subsequent to the death of Edward Morgan, then the court holds, that the plaintiff under the last will and testament of Thomas Morgan deceased was not entitled to any interest at all in said real estate; that in fact she was not a legal heir of Thomas Morgan, the law being that a wife can inherit directly from her husband of the property, the husband died seized in fee simple of,

or has the right to the possession of, and in that respect the husband is an ancestor of the wife, and the court holds a brother (Thomas Morgan) of the husband of the plaintiff, Edward Morgan is not the ancestor of the wife, the plaintiff herein, within the meaning of the statute. See **Penn v. Cox, 16 Ohio 30.**

The court now coming to the question that arises on the issue set forth in the petition of the plaintiff, and denied by the answer of the defendant, finds, that there was no valid contract between the plaintiff and the defendants, in which it was agreed between the parties that the plaintiff would be entitled to have the one-fifth of the proceeds of the sale of the real estate to Mr. Downing for the sum of $28,000; there was nothing between the parties, except as was understood by all parties that they in ignorance of the law, and ignorant regarding descent and distribution of estates, assumed that because she was the widow of the brother Edward Morgan that she then became entitled to Edward Morgan's interest in the estate left by Thomas Morgan, his twin brother, and they all worked under that assumption without any agreement whatever between the plaintiff and the defendants. All transactions between Mr. Downing and the plaintiff and defendants had nothing to do with, nor could it affect the terms of the last will and testament of Thomas Morgan, deceased; no agreement verbal or otherwise between the parties could affect the terms of the last will and testament of Thomas Morgan. Only one way could the plaintiff be entitled to one-fifth interest in this real estate, and that would be where each and all of the defendants in this case would make and deliver to Nettie Morgan a deed for the undivided one-fifth interest in said real estate.

The court holds that there was no contract between the plaintiff and defendants with reference to a one-fifth interest in said real estate.

The court has failed to cite decisions deliberately, in this opinion because the law is so plain that it does not require any citations, all of which could be ascertained by a cursory examination of the books.

It is therefore concluded as a matter of law that the plaintiff, Nettie Morgan has no right, title or interest in any portion of the real estate involved in this case, nor to any portion of the proceeds derived from the sale of the premises; and

It Is Ordered, that the petition of the plaintiff be dismissed, and due to the fact that there are two issues involved in this case, one set forth in the petition on contract, and the other set forth in the cross-petition asking construction of the will,

the court feels it equitable that the costs should be divided one-half to be paid by the plaintiff, and one-half paid by defendants, and judgment is rendered against each of them for their share of the costs. Execution is awarded.

Exceptions reserved to both parties.

A Journal Entry may be prepared in accordance with this decision.